# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

April 14, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STACIE L. ERWIN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0273** (BOR Appeal No. 2049853)
                    (Claim No. 950029078)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CHARLESTON LINCOLN MERCURY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stacie L. Erwin, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 26, 2015, in which the Board affirmed a September 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 13, 2014, decision to deny a request for bilateral occipital nerve blocks. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Erwin, a sales person, was driving a car for Charleston Lincoln Mercury, Inc., on December 28, 1994, when she was rear-ended while waiting on a stop light. She injured her neck, back, and right knee. On November 13, 1997, she underwent a cervical MRI at Columbia Putnam General Hospital, which revealed no disc herniation. On December 5, 2005, a CT scan from Saint Francis Hospital revealed a cervical spinal stimulator with the wire projecting superiorly up in the right lateral recess of the cervical spinal canal to terminate at approximately the C4-C5 disc space. A May 3, 2012, x-ray of the cervical spine revealed that the distal tip of the intrathecal catheter projects in the spinal canal to the C5 vertebral level. It also showed mild degenerative changes.

In a May 6, 2013, independent medical evaluation, Mohammed Ranavaya, M.D., indicated that it was difficult for him to make a specific diagnosis given the lack of objective findings on his examination and the lack of pathology on Ms. Erwin's imaging studies. He noted that the most striking aspect of this claim was the amount of treatment she received with very little evidence of objective findings or pathology. He found no indication for a CT scan or cervical injection in any region of the spine based upon the findings presented and his examination. He certainly found no indication for these studies as it pertained to the December 28, 1994, accident, especially given the lack of pathology. Dr. Ranavaya therefore recommended no further treatment for the compensable injury.

November 19, 2013, office notes by Christopher Kim, M.D., indicated an assessment of occipital neuralgia and complex regional pain syndrome of the upper limb. It was noted that Ms. Erwin had a history of degenerative disc disease, spinal stenosis, lumbar radiculopathy, myofascial spasm with occipital neuralgia, daily headaches, cervical spondylosis without myelopathy, and complex regional pain syndrome in her upper extremity. The plan called for Ms. Erwin to undergo a cervical spine x-ray and bilateral occipital nerve blocks. The bilateral occipital nerve blocks were to be performed for her diagnosis of occipital neuralgia or cervical syndrome. On January 13, 2014, the claims administrator denied the request for occipital nerve blocks.

The Office of Judges affirmed the claims administrator's decision because it determined that the occipital nerve blocks were not medically related or reasonably required to treat Ms. Erwin's compensable injury. Per Dr. Kim's treatment notes, the bilateral occipital nerve block was for the diagnosis of occipital neuralgia or cervical syndrome. The Office of Judges found that a review of the record did not establish that occipital neuralgia or cervical syndrome were compensable conditions or that they shared any connection with the injury. Furthermore, the Office of Judges also found that Dr. Ranavaya's May 6, 2013, report, which opined that neither a CT scan nor cervical injections were necessary, was persuasive. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on February 26, 2015.

After review, we agree with the conclusions of the Office of Judges and Board of Review. Ms. Erwin has not shown that her request for bilateral occipital nerve blocks was medically related and reasonably required to treat her compensable injury. Furthermore, neither occipital neuralgia nor cervical syndrome have been held as compensable conditions. Finally, Dr. Ranavaya's May 6, 2013, report also supported the decision. Because the evidence shows that

the treatment requested was not related to a compensable condition and was not necessary, the Office of Judges and Board of Review were not in error for denying it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 14, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II